09-3009-ag
Li v. Holder

BIA
Brennan, IJ
A098 220 216

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26ᵗʰ day of March, two thousand ten.

PRESENT:
ROBERT D. SACK,
REENA RAGGI,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

GUO LIN LI,
*Petitioner*,

v.                                    09-3009-ag
                                      NAC

ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Yu Zhang, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Cindy S. Ferrier, Senior
                       Litigation Counsel, Jessica E.
                       Sherman, Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Guo Lin Li, a native and citizen of the People's Republic of China, seeks review of a June 16, 2009, order of the BIA, affirming the March 29, 2007, decision of Immigration Judge ("IJ") Noel Brennan, pretermitting Li's application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Guo Lin Li*, No. A098 220 216 (B.I.A. June 16, 2009), *aff'g* No. A098 220 216 (Immig. Ct. N.Y. City Mar. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

As an initial matter, we lack jurisdiction to consider Li's challenge to the pretermission of his asylum

application.  8 U.S.C. § 1158(a)(3).  To the extent Li asserts that the ineffective assistance of his prior counsel excuses the untimeliness of his asylum application, that argument is unexhausted.  *See* 8 U.S.C. § 1252(d)(1); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).  To the extent Li challenges the IJ's determination that he did not prove the timely filing of his application, we lack jurisdiction to consider his argument because it is neither a constitutional claim nor a question of law.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

With respect to Li's challenge to the denial of his application for withholding of removal and CAT relief, substantial evidence supports the IJ's adverse credibility determination.[1]  The IJ based that determination, in part, on Li's demeanor, finding that he was evasive and hesitant.  Because Li failed to challenge the IJ's demeanor finding, we deem any such argument waived.  *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).  The IJ

---

[1] Because Li filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to his asylum application.  *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

3

further noted Li's omission of certain facts from his original and amended asylum applications. While petitioners are not required to list every incident of persecution on their asylum applications, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir. 2006), as the IJ noted in her decision, the omitted facts were at "the core of his claim," so it was not unreasonable to expect that he would include them, *see Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003), *overruled on other grounds by Xiu Xia Lin v. Mukasey*, 534 F.3d 162 (2d Cir. 2008). Furthermore, the IJ did not err in declining to credit Li's explanation that his prior attorney failed to complete his application and fully detail his persecution. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Substantial evidence also supports the agency's reliance on Li's failure to provide corroborating evidence. Although Li declares that he provided corroborating evidence demonstrating past persecution and a well-founded fear of future persecution, he points to none. In any event, because the agency found Li not credible, it properly noted the absence of documentary evidence to corroborate his claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Finally, Li contends that the IJ entered the hearing with a preconceived notion that he was not credible, based

4

on the IJ's statement that "anyone can learn Falun Gong in the United States." This statement does not reveal that the IJ was biased such that we cannot conduct a "meaningful review" of the agency's decision. *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because the only evidence of a threat to Li's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk